IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Duane Ashmeade,<br><br>                Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>                Respondents. | No. CV-15-00937-PHX-NVW (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Petitioner Duane Ashmeade has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 17.)

**I.    SUMMARY OF CONCLUSION**

    Petitioner asserts he was improperly tried *in absentia* in 1997, his rights are "affected" by the lack of transcripts from his trial, and his rights to choice of counsel and confrontation were violated. Petitioner's claims are meritless. Therefore, the Court will recommend that the Amended Petition be denied and dismissed with prejudice.

**II.    BACKGROUND**

    **a.  Facts and Procedural History**

    On June 21, 1996, Petitioner was indicted on nine felony counts related to Transportation of Marijuana for Sale. (Doc. 18-1, Ex. A, at 3.) The Arizona Court of

Appeals found the following fact and procedural history as true:[1]

> The trial court released Ashmeade conditioned on the posting of a $159,000 secured appearance bond. … Subsequently, Ashmeade submitted a signed and notarized acknowledgement to the trial court, and acknowledged his then September 26, 1996 "non-firm" trial date, and confirmed he was aware he could be tried in absentia if he failed to appear for trial.
>
> . . . .
>
> On December 9, 1996, having failed to waive his presence or appear, the trial court issued a bench warrant for Ashmeade's arrest, set a bond forfeiture hearing for February 6, 1997, vacated the non-firm trial date, and set a firm trial date for February 3, 1997. It also ordered that if Ashmeade failed to appear, trial would "proceed in absentia." The trial court sent a copy of its December 9, 1996 minute entry to Ashmeade. At defense counsel's request, the trial court rescheduled the firm trial date to March 10, 1997.
>
> Subsequently, the trial court ordered defense counsel to send Ashmeade a registered letter, return receipt requested, and to try to telephonically contact him to "apprise" him of his new firm trial date, and that trial would proceed in absentia if he failed to appear. On February 14, 1997 defense counsel filed an affidavit stating he had "sent a registered, return receipt requested letter to [Ashmeade] advising him of his trial date and that … if he failed to appear he would be tried in absentia." Defense counsel also stated "[i]n the meantime, I have attempted to telephonically reach [Ashmeade] on a daily basis with no success."
>
> . . . .
>
> Ashmeade failed to appear for trial on March 11, 1997. After being advised by defense counsel that "the last contact his office had with [Ashmeade] was on or about December 4, 1996," the trial court found Ashmeade's failure to maintain contact with his attorney and failure to appear demonstrated a knowing, intelligent, and voluntary waiver of his right to be present for trial and ruled "trial may proceed in his absence" ("absentia finding"). On March 26, 1997, the jury found Ashmeade guilty as charged. Based on Ashmeade's failure to appear, the trial court reaffirmed the bench warrant for Ashmeade's arrest and ordered sentencing to be set upon his appearance in court.
>
> . . . .
>
> On September 24, 2013–over 16 years after his trial in absentia– Ashmeade was taken into custody after being extradited from Texas. On January 24, 2014, in response to Ashmeade's motion challenging the trial court's absentia finding, the sentencing court held an evidentiary hearing to determine whether Ashmeade had been voluntarily absent from trial.

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

> At the evidentiary hearing, Ashmeade testified he had been in constant contact with his bail bondsman in New York and had not learned about his trial date until after the trial was over. He admitted signing the first two acknowledgements listing the non-firm trial dates but denied signing the third, notarized acknowledgement. Ashmeade said he had never been able to reach his attorney despite calling "thousands of times," and after he discovered he had been tried was "scared." Ashmeade also denied knowing about the bench warrant until he was apprehended in 2013.
>
> . . . .
>
> On January 30, 2014 the sentencing court denied Ashmeade's motion, found his absence from trial voluntary, and affirmed his convictions . . . At the sentencing hearing, . . . the court sentenced Ashmeade to five years imprisonment on counts one through eight, and to two and a half years on count nine, with all sentences to run concurrently.

*State v. Ashmeade*, No. 1 CA-CR 14-2015, 2015 WL 2381222, at *1-3 (Ariz. Ct. App. May 14, 2015).

### b. Appeal and Post-Conviction Relief Proceeding

On April 10, 2015, Petitioner filed an opening brief with the Arizona Court of Appeals. (Doc. 18-2, Ex. PP, at 196.) Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), counsel stated he searched the record on appeal and "found no arguable question of law that is not frivolous." (*Id*. at 202.) The appeal was submitted on a reconstructed record pursuant to Rule 31.8(f) of the Arizona Rules of Criminal Procedure because the court reporter notes were no longer available. (Doc. 18-2, Exs. LL-OO, at 108-194.) On March 16, 2015, Petitioner submitted a supplemental brief, which raised the following arguments:

1. Petitioner was denied due process because he was tried *in absentia*, the trial transcripts were not available, and the court report waited 11 months to produce the transcript of the evidentiary hearing.

2. Petitioner was denied his right to choice of counsel when the attorney he hired (Henry Florence) transferred trial representation to a different attorney (James Hankey) in the same firm.

3. Petitioner was denied his right to confrontation, and the state committed prosecutorial misconduct, when an affidavit was introduced in the evidentiary hearing.

4. Counsel was ineffective for failing to object to hearsay.

5. The case should have been dismissed with prejudice.

6. The trial court failed to properly calculate Petitioner's credit for time

served.

(Doc. 18-2, Ex. QQ, at 208.)

On May 14, 2015, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. *Ashmeade*, 2015 WL 2381222, at *4. Petitioner did not appeal to the Arizona Supreme Court. On July 21, 2015, Petitioner filed a notice of post-conviction relief (PCR) in the trial court. (Doc. 18-2, Ex. TT, at 227.)

The trial court dismissed the PCR on February 19, 2016. *See* https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR1996-091873.

### c. Petitioner's Amended Federal Habeas Petition

On May 26, 2015, Petitioner filed a habeas Petition, asserting four grounds for relief, including a claim for ineffective assistance of counsel. (Doc. 1.) On July 14, 2015, after screening the Petition, the Court ordered Respondents to Answer within 40 days of the date of service. (Doc. 5.) On July 28, 2015, Respondents filed a Motion for Clarification and to Stay Deadline to File Answer. (Doc. 9.) On August 10, 2015, after Respondents' Motion was fully briefed, the Court issued an Order requiring Petitioner to show cause within 30 days why his Petition should not be dismissed without prejudice so that he may exhaust his ineffective assistance of counsel claim in state court. (Doc. 12 at 4.) The Court further advised that if Petitioner requested a stay, his response must address the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). If, on the other hand, Petitioner preferred to proceed in federal court on his exhausted claims only, the Court directed that he must indicate in his response that he intends to file an amended petition deleting his unexhausted ineffective assistance of counsel claim.[2] (*Id.*)

On August 18, 2015, Petitioner filed a Motion to File Clarification and Amendment, in which he "elect[ed] to proceed in federal Court on [his] exhausted claims

---

[2] The Court also advised Plaintiff that if he "chooses to proceed only on his exhausted claims, this Court likely will be unable to consider the ineffective assistance of counsel claim, or any other unexhausted claims raised in his post-conviction proceedings, unless he first obtains authorization from the Ninth Circuit Court of Appeals to file a second or successive habeas corpus case." (*Id.* at 3, n.1.)

- 4 -

only," and he stated that he is "filing an amended Petition deleting the unexhausted ineffective assistance of counsel claim." (Doc. 13.) This Court subsequently set an October 1, 2015 deadline for Petitioner to file his amended Petition. (Doc. 14.)

On September 8, 2015, Petitioner filed an amended Petition. (Doc. 17.) On October 15, 2015, Respondents filed an Answer to the Petition. (Doc. 18.) On October 22, 2015, Petitioner filed a Reply. (Doc. 19.) Petitioner raises the following grounds for relief:

1. "I was never present at my trial because of communication with attorney. Never receive a confirm trial date, never waiver my rights, my right to appeal is affected by missing transcript";

2. Petitioner was denied his right to choice of counsel when the attorney he hired (Henry Florence) transferred trial representation to a different attorney (James Hankey) in the same firm.

3. Petitioner was denied his right to confrontation when an affidavit by Mr. Hankey was introduced at the evidentiary hearing.

(Doc. 17.)

### III. THE AMENDED PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

The Amended Petition is timely.

### IV. DISCUSSION

#### a. Ground One

Petitioner's entire claim in Ground One reads: "I was never present at my trial because of communication with attorney. Never receive a confirm trial date, never waiver my rights, my right to appeal is affected by missing transcript." (Doc. 17 at 6.) Petitioner did not cite to federal law or assert a federal claim. Petitioner's argument is also devoid of factual reference or legal citation, and could be dismissed on that ground alone. Nonetheless, the Court is mindful that that *pro se* habeas filings must be liberally

construed. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). Because the facts of this case are straightforward and overwhelmingly clear, the Court is able to address the issue of Petitioner's waiver of his right to be present in court for trial. Petitioner's claim regarding a lack of transcripts is manifestly insufficient to prevail.

### i. *In Absentia* Trial

Although the Sixth Amendment guarantees a defendant the right to be present at trial, this right can be waived; such waiver is inferred if the defendant, after sufficient notice, voluntarily fails to appear. *See Smith v. Mann*, 173 F.3d 73 (2d. Cir. 1999) (distinguishing constitutional standard and Rule 43, Fed.R.Crim.P., and denying habeas relief to petitioner who knew the precise time and place he was to appear for trial, and that the consequence of his failure to appear would be a trial *in absentia*). Here, Petitioner merely claims that because of a lack of communication with his attorney, he never waived his right to trial.

The Arizona Court of Appeals found the following:

> It was Ashmeade's obligation to be present at trial, and, at the evidentiary hearing, he bore the burden of overcoming the inference his absence was voluntary. *See* Ariz. R.Crim. P. 9.1; *State v. Sainz*, 186 Ariz. 470, 473 n. 2, 924 P.2d 474, 477 n. 2 (App. 1996). In finding Ashmeade's absence from trial voluntary, the sentencing court recited some of the "fantastic details" Ashmeade offered during his testimony at the evidentiary hearing:
>
> • Someone with unknown motive forged Defendant's signature on [his third acknowledgement] but not [the first and second acknowledgements] and found a notary in New York who did not require the forger to present identification.
>
> • Defendant's bondsman, who he says checked on him every week, failed to inform or remind Defendant of his court dates and did not know about Defendant's bench warrant or trial date.
>
> • Defendant did not receive his attorney's certified mail letter in February 1997 addressed to him in New York, even though he admittedly received letters from counsel there at least twice previously.
>
> • Defendant's bondsman knew where he was at all relevant times and did not surrender him in Maricopa County even after learning Defendant had been convicted, instead choosing to pay, after not appealing, a $159,000 judgment.
>
> Based on the record before it, the sentencing court did not abuse its discretion in rejecting Ashmeade's excuses for being absent from trial and

- 6 -

> in finding his absence voluntary….
>
> Ashmeade also argues he failed to appear for trial because of a communication breakdown with his counsel. The record before the sentencing court, however, reflects trial counsel made several efforts to contact him.

*Ashmeade*, 2015 WL 2381222, at *4.

Petitioner claims he was not present at trial because of communication with his attorney, but the record demonstrates it was Petitioner who failed to communicate with his attorney. Petitioner's counsel sent him a registered letter and attempted to telephonically contact Petitioner regarding the trial. The state court specifically discredited Petitioner and found his testimony was "in all material respects incredible." (Doc. 18-2, Ex. FF, at 67.) The state court's determination is both correct and unassailable. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted). Moreover, "Section 2254(d) 'gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court." *Aiken v. Blodgett*, 921 F.2d 214, 217 (9th Cir. 1990). The record demonstrates Petitioner's absence from trial was voluntary and also not the result of a deficiency on the part of counsel.

### ii. Transcripts

Petitioner's asserts his right to appeal is "affected" by missing transcripts. Petitioner fails to identify how he was prejudiced by the lack of a transcript. *See Madera v. Risley*, 885 F.2d 646, 648–49 (9th Cir. 1989) (stating petitioner must explain "the value of the transcript to the defendant in connection with the appeal or trial for which it is sought"); *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986) (stating that "although this court recognizes the difficulty in demonstrating prejudice where the transcripts are missing, petitioner must present something more than gross speculation that the transcripts were requisite to a fair appeal"). Petitioner's claim that his appeal was

"affected" is insufficient. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")

Petitioner has failed to present any evidence to show that the Arizona court's decision regarding Ground One is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. Ground One is meritless.

### b. Ground Three[3]

In Ground Three, Petitioner asserts "I retain attorney Florence, I was represented at trial by attorney Hankey without knowledge and consent." (Doc. 17-8.) A defendant has the right to retain counsel of his own choosing, and a denial of that right is structural error. *See United States v. Gonzalez–Lopez*, 548 U.S. 140, 147–148 (2006) (stating "the District Court here erred when it denied respondent his choice of counsel" thus violating "respondent's Sixth Amendment right to counsel of choice"). Unlike *Lopez-Gonzalez*, the trial court here did not deny Petitioner his choice of counsel. Rather, one attorney within the firm[4] substituted for another during the representation.[5] Petitioner presents no argument or federal law to establish that the substitution by attorneys within the same firm (and not the court's denial of a request) violated his right to choice of counsel. Absent clear Supreme Court authority for his point, which Petitioner does not provide, Petitioner cannot prevail. A state court's decision is not contrary to or an unreasonable application of Supreme Court precedent unless that precedent "squarely addresses the issue" or gives a "clear answer to the question presented" in the case before the state court. *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008). *Lopez-Gonzalez* does not address whether a substitution of attorneys within the same firm is a violation of a

---

[3] As detailed above, Petitioner "deleted" Ground Two in his Amended Petition.

[4] It is undisputed that Mr. Florence and Mr. Hankey are within the same firm. (Doc. 18-2, Ex. L, N, at 43, 48.)

[5] Petitioner and Mr. Hankey appeared together in court on at least two occasions prior to trial. (Doc. 18-1, Exs. G, I, at 26, 33.)

- 8 -

defendant's choice of counsel, and the application of *Lopez-Gonzalez* in other contexts is unresolved. *See, e.g.*, *Abby v. Howe*, 742 F.3d 221, 227 (6th Cir. 2014) ("the Supreme Court has not held that a defendant's right to counsel of choice necessarily is violated when his secondary retained counsel has a scheduling conflict precluding his or her attendance at trial," thus, petitioner was not entitled to habeas relief).

Petitioner's conclusory sentence also does not warrant habeas relief. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("We have cautioned that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived, and that it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and internal quotation marks omitted). Petitioner's claim in Ground Three should be denied.

### c. Ground Four

Petitioner asserts "[a]t evidentiary hearing I was deprived my right to confront and cross examine the acknowledgment and affidavit which was admitted [as] evidence." (Doc. 17 at 9.) This Court assumes the "affidavit" is a February 14, 1997 affidavit submitted by Mr. Hankey to the trial court in relation to Petitioner's voluntary absence prior to trial. (Doc. 18-1, Ex. N, at 48-49.)[6] The affidavit was submitted to the trial court in a January 24, 2014 evidentiary hearing. The Arizona Court of Appeals found that Petitioner's counsel did not object to the introduction of the exhibit and that "the sentencing court's ruling does not reflect that it considered the affidavit when it found Ashmeade's absence voluntary." *Ashmeade*, 2015 WL 2381222, at *6. The Arizona

---

[6] In the affidavit, dated February 14, 1997, Mr. Hankey avows:

   3. On February 5, 1997, I sent a registered, return receipt requested letter to Duane Ashmeade advising him of his trial date and that this trial would commence in his absence and that if he failed to appear he would be tried in absentia;

   4. To date we have not received the return receipt back;

   5. In the meantime, I have attempted to telephonically reach Duane Ashmeade on a daily basis with no success…

- 9 -

1 Court of Appeals found Petitioner failed to establish "either fundamental error or prejudice" regarding the affidavit. (*Id.*)

Petitioner's claim is meritless because Petitioner and his counsel were present in court during the evidentiary hearing. Petitioner's counsel did not object to the introduction of the affidavit (and two minute entries) at the hearing, and told the court "they're admissible." (Doc. 18-2, Ex. DD, at 59.) Mr. Hankey was also present in court and available as a witness, but he was not called to testify at the hearing. (Doc. 18-2, Ex. DD, at 51.) Petitioner's Sixth Amendment right to confrontation prohibits the admission of "testimonial statements of a witness who [does] not appear at trial unless [the witness is] unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). But "defense counsel may waive an accused's constitutional rights as a part of trial strategy" and "[c]ounsel's authority extends to waivers of the accused's Sixth Amendment right to cross-examination and confrontation as a matter of trial tactics or strategy." *United States v. Zepeda*, 738 F.3d 201, 207 (9th Cir. 2013), reasoning adopted on reh'g en banc, 792 F.3d 1103, 1109 (9th Cir. 2015) (quotations and citations omitted). Petitioner has failed to show that the Arizona Court of Appeals' decision is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.

## V. EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Petitioner's claims because the record is sufficiently developed to resolve these questions. Petitioner has not asserted any grounds requiring a hearing, and an evidentiary hearing is not mandatory.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are meritless. The Court will therefore recommend that the Amended

Petition for Writ of Habeas Corpus (Doc. 17) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 17) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of March, 2016.

Honorable John Z. Boyle
United States Magistrate Judge